UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
_____

| | | |
|---|---|---|
| DONTE LAQUAWN CAPERS, | ) | C/A No.: 4:15-cv-3267-HMH-TER |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| WARDEN LEROY CARTLEDGE, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Donte Laquawn Capers (Petitioner), appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on August 18, 2015. (Doc. #1). Respondent filed a motion for summary judgment on December 8, 2015, along with a return and memorandum. (Docs. #18 and #19). Petitioner filed a response on February 22, 2016. (Docs. #26).

## **PROCEDURAL HISTORY**

Petitioner responded to the motion for summary judgment asserting that the procedural history set forth in the State's return is "accurate." Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 19.02 (B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Respondent.

Petitioner is currently incarcerated in McCormick Correctional Institution pursuant to an order of commitment from the Clerk of Court for Florence County. Petitioner was indicted on January 13, 2011, with multiple indictments for twenty-two counts of burglary in the first degree, three counts of safe cracking, two counts of accessory after the fact to a felony, and one count of pointing and presenting a firearm. Scott P. Floyd, Esquire, represented him on these charges.

On June 16, 2011, Petitioner pleaded guilty to three counts of first degree burglary (2011-GS-21-0012, -0014, and -0015) before the Honorable Michael G. Nettles. In exchange for his plea, the State dismissed the remaining indictments and recommended a twenty-five year sentence. Judge Nettles accepted the State's recommendation and sentenced him to concurrent sentences of twenty-five years imprisonment on each conviction. Before Judge Nettles imposed sentence on these convictions, he revoked five years of probation on each of four counts of receiving stolen goods, for which Petitioner had received a ten year sentence in 2008. Judge Nettles ordered that the sentence for the probation violation be concurrent to the sentence imposed on the charges currently before this Court. App. pp. 1-35.

2

**DIRECT APPEAL**

Petitioner filed a timely notice of intent to appeal from his convictions and sentence. However, Counsel stated on the Notice of Intent to Appeal that he could not identify an issue that would provide an arguable basis for an appeal, as required by Rule 203(B)(IV), SCACR. The Court of Appeals dismissed the appeal on October 13, 2011, and remitted the case to the Florence County Clerk of Court on November 17, 2011.

**PCR**

Petitioner filed an application for post-conviction relief (PCR) on April 11, 2012, raising the following grounds:

> 10(a).    Ineffective [assistance] of counsel.
>
> 11(a).    Counsel [failed] to file a motion to suppress evidence in my case.
>
>   (b).    Counsel [failed] to turn over all material subject to discuss disclosure under Rule 5.

Respondent filed its return on June 12, 2012. On September 15, 2013, Petitioner filed an amended PCR application. (App. Pp. 45-51). Petitioner raised the following claims:

> 10(a).    Applicant was denied the effective assistance of counsel guaranteed by South Carolina law and the Sixth and Fourteenth Amendments to the United States Constitution in that plea counsel failed to file a motion to suppress the evidence obtained pursuant to the search warrant executed at the apartment shared by Applicant and

his Co-Defendant, Gloria Carrigan.

10(b).        Applicant was denied the effective assistance of counsel guaranteed by the South Carolina Constitution and the Sixth and Fourteenth Amendments to the United States Constitution in the following particulars:.

11(b)(1).     Applicant's plea counsel improperly and erroneously informed Applicant that if he were to be found guilty at trial he would receive a life sentence.

11(b)(2).     Applicant's plea counsel failed to fully inform Applicant of all the evidence gathered during the investigation to the extent that the Applicant's guilty plea was not knowingly entered into.

11(b)(3).     Applicant's plea counsel improperly and erroneously informed Applicant that he and his co-defendants would receive the same sentence if Applicant pled guilty.

11(b)(4).     Applicant's plea counsel failed to properly and adequately inform Applicant of the applicable law in his case to the extent that Applicant's guilty plea was not made freely, voluntarily and with sufficient knowledge to render it valid.

10(c).        Applicant was denied the effective assistance of counsel guaranteed by South Carolina law and the Sixth and Fourteenth Amendments to the United States Constitution in that plea counsel failed to adequately investigate Applicant's criminal history, failed to properly advise Applicant of the law applicable to Applicants case and erroneously allowed Applicant to plead guilty to three (3) counts of Burglary First Degree for which he could not be convicted of. [(Sic)].

(App. pp. 45-51).

The Honorable William H. Seals held an evidentiary hearing into the matter on October 8, 2013, at the Florence County Courthouse. Petitioner was present at the hearing and Joshua A. Bailey, Esquire, represented him. Assistant Attorney General Joshua Thomas represented the State. Petitioner testified on his own behalf at the hearing. The State presented testimony from plea counsel, Mr. Floyd. App. pp. 56-96.

Judge Seals denied relief and dismissed the Application with prejudice in an Order of Dismissal filed on December 11, 2013. The Order of Dismissal addressed Petitioner's claims that (1) plea counsel was ineffective for failing to file a motion to suppress the evidence seized from the co-defendant's apartment; and (2) plea counsel was ineffective for failing to challenge Petitioner's indictment for first degree burglary on the ground that his two prior burglary convictions were used to enhance his sentence. Judge Seals found that Petitioner failed to present sufficient evidence regarding any other allegations raised in the application or at the hearing and that those allegations were abandoned. App. pp. 98-107.

## PCR APPEAL

Petitioner timely served and filed a notice of appeal. Assistant Appellate

Defender Benjamin John Tripp represented Petitioner in collateral appellate proceedings. On September 9, 2014, Mr. Tripp filed a <u>Johnson</u> Petition for Writ of Certiorari on Petitioner's behalf and petitioned to be relieved as counsel. The only issue raised in the <u>Johnson</u> Petition was stated as follows:

> Whether the record supports the PCR court's finding that Counsel gave effective assistance by advising Petitioner is Fourth Amendment challenges would not be successful due to lack of standing and law enforcement officer's right to seize incriminating evidence in plain view where officers entered the apartment in which Petitioner lived with his girlfriend to search pursuant to a warrant; where the officers seized numerous items not listed in the warrant and no items listed in the warrant; and where the officers seized all of the extraneous items because one investigator saw "kind of a different looking lamp from one of the victims or a victim in a burglary."

Petitioner filed a *pro se* response to the <u>Johnson</u> Petition that he captioned "Pro -Se Johnson Petition for Writ of Certiorari," and which the South Carolina Supreme Court received on October 29, 2014. He presented the following allegation pro se:

> APPLICANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL GUARANTEED BY SOUTH CAROLINA LAW AND THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION IN THAT PLEA COUNSEL FAILED TO ADEQUATELY INVESTIGATE APPLICANT'S CRIMINAL HISTORY, FAILED TO PROPERLY ADVISE APPLICANT OF THE LAW APPLICABLE TO APPLICANT'S CASE AND ERRONEOUSLY ALLOWED APPLICANT TO PLEAD GUILTY TO THREE (3) COUNTS OF BURGLARY FOR WHICH HE COULD NOT BE CONVICTED OF.

6

On January 15, 2015, the South Carolina Supreme Court filed an order denying

certiorari and granting counsel's petition to be relieved. It sent the Remittitur to the

Florence County Clerk of Court on February 2, 2015.


### HABEAS ALLEGATIONS

Petitioner raised the following in his petition, quoted verbatim:

GROUND ONE:          Petitioner was denied the effect assistance of counsel guaranteed by South Carolina law and the Sixth and Fourteenth Amendments of the United States Constitution in that plea counsel failed to file a motion to suppress the evidence obtained pursuant to the search warrant executed at the apartment shared by Petitioner and his co-defendant, Gloria Carrigan.

Supporting facts:          The apartment where the Florence County Sheriff's Office executed the search warrant was a shared residence of the Applicant and his co-defendant girlfriend, Gloria Carrigan. The search warrant obtained by Investigators Warren Poston identified the property in the "Description of Property" section as "Dark wood grain jewelry box with two drawers and flip open top, a pearl necklace, one karat diamond ring, one gold ring with blue sapphire stone, one pinkie ring with blue sapphire stone and diamonds, pink luggage, and silver trinket jewelry box". According to the return and a detailed report, the Florence County Sheriff's Office did not recover any of the items listed

7

in the search warrant. However, they seize seventy-eight (78) items from the residence. Applicant maintains that because the search warrant failed to specifically list any of the seventy-eight (78) other items recovered   or contain a general catch-all provision expanding the search warrant, see App. P. 66, lines 23-25 –p. 67, lines 1-22, the search and seizure in this case violated the  Fourteenth Amendment. Further, Petitioner contends that the investigators who executed the search warrant had, in   a   best-case   scenario, reasonable suspicion that the seventy-eight (78) items seized were connected to other burglaries which is a far stretch from the probable  cause requirement of the Fourth Amendment.

GROUND TWO:       Petitioner    was    denied   the effective assistance of counsel guaranteed by the South Carolina Constitution and the Sixth and Fourteenth Amendments to the United States  Constitution  in   the   following particulars:

Supporting Facts:     (1)  Petitioner's  plea  counsel improperly and erroneously informed Petitioner that if he  were  to  be  found  guilty at trial he would receive a life sentence.
(2) Petitioner's  plea counsel failed to fully inform Petitioner  of   all   the   evidence gathered     during    the investigation to the extent that the Petitioner's guilty plea was not knowingly entered into.

(3)  Petitioner's  plea  counsel  improperly and erroneously informed Petitioner that he and  his  co-defendants  would receive the

same sentence if Petitioner pled guilty.

(4) Petitioner's plea counsel failed to properly and adequately inform Petitioner of the applicable law in his case to the extent that Petitioner's guilty plea was not made freely, voluntarily and with sufficient knowledge to render it valid.

GROUND THREE:    Petitioner was denied the effective assistance of counsel guaranteed by South Carolina Law and the Sixth and Fourteenth Amendments to the United States Constitution in that plea counsel failed to adequately investigate petitioner's criminal history, failed to properly advise petitioner of the law applicable to petitioner's case and erroneously allowed petitioner to plead guilty to three (3) counts of burglary first degree for which he could not be convicted of.

Supporting facts:    On June 16, 2011 Petitioner pled guilty to three (3) indictments charging him with burglary first degree because he has two (2) prior burglary convictions. According to Petitioner's criminal history, Petitioner was arrested by the Florence County Sheriff's Office on or about May 20, 2003 for one (1) count of Burglary First Degree and one (1) count of Burglary Second Degree Non-Violent. On September 16, 2003, Petitioner pled guilty to a reduced charge of Burglary Second Degree Non-Violent (from Burglary First Degree) and received a youthful offender sentence not to exceed six years. Additionally, Petitioner pled guilty on September 16,

9

2003 to Burglary Second Degree and received a sentence of five years and five years probation. According to Petitioner's criminal history, Petitioner has no other convictions for burglary.

Petitioner asserts that section 17-25-50 of the South Carolina Code of Laws applies to his case. Section 17-25-50 states that "[I]n determining the number of offenses for the purpose of imposition of sentence, the Court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses". Petitioner contends that both of his prior burglary offenses occurred on the same date (May 20, 2003) and his convictions resulting from the two May 20, 2003 burglary charges occurred on the same date (September 16, 2003). In light of section 17-25-50, Petitioner's two prior convictions occurred at times so closely connected in point that they may be considered one offense.

Lastly, Petitioner contends that his plea counsel failed to properly review Petitioner's indictments and criminal history and advise him of the applicable law. Petitioner asserts that had he been properly advised that he only had one (1) prior conviction for burglary, Petitioner would not have pleaded but would have insisted on going to trial as indicted. As a result of Counsel's ineffective assistance of Counsel, Petitioner

10

is entitled to have his convictions
pursuant to indictments 2011-GS-0012,
0014 and 0015 vacated and remanded for a
trial.

(Petition).

## STANDARD FOR SUMMARY JUDGMENT

The moving party bears the burden of showing that summary judgment is

proper. Summary judgment is proper if there is no genuine dispute of material fact

and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a);

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if

the non-moving party fails to establish an essential element of any cause of action

upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317.

Once the moving party has brought into question whether there is a genuine dispute

for trial on a material element of the non-moving party's claims, the non-moving party

bears the burden of coming forward with specific facts which show a genuine dispute

for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough

evidence, beyond a mere scintilla, upon which the fact finder could reasonably find

for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and

inferences to be drawn therefrom must be viewed in the light most favorable to the

non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However,

the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment.  Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992).  The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits."  Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings.  See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves).  Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with  . . . affidavits, if any."  Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

12

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

13

## ANALYSIS

### Ground One

In Ground One, Petitioner argues ineffective assistance of counsel for failing to file a motion to suppress evidence obtained pursuant to a search warrant. Specifically, Petitioner asserts that the search warrant did not list any of the seventy-eight items seized during the search of the apartment, and the officers executing the warrant did not have probable cause to seize them. Respondent argues that the courts' rejection of this claim was not contrary to and did not involve an unreasonable application of clearly established United States Supreme Court precedent under §2254(d)(1). Further, Respondent argues the denial of relief was not based upon objectively unreasonable findings of fact.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an

14

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). The Court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally

competent assistance.  (Emphasis added.)

Id.; Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000)(confirming the Strickland analysis).  In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional  errors, the result of the proceeding would have been different.  A reasonable  probability  is  a  probability  sufficient  to undermine confidence in the outcome.

Strickland, at 694.

This issue was raised and ruled upon by the PCR court and raised in the PCR appeal. In the order of dismissal, the PCR court set forth the following summary of Petitioner's testimony:

> Applicant also testified he requested plea counsel file a motion to suppress the evidence seized in a search of his co-defendant's apartment. He testified his co-defendant was his girlfriend, and he lived in her apartment with her. Applicant stated plea counsel informed Applicant he would file a motion to suppress, but never did. Applicant was concerned the search warrant only listed seven (7) items to be seized, but the police seized seventy-eight (78) items. He further testified he was not at the co-defendant's apartment at the time it was searched. On cross-examination, Applicant admitted he was not the leaseholder of the apartment but maintained he lived there.

16

(Tr. 100).

The PCR court summarized the testimony of plea counsel as follows:

> Plea counsel testified he discussed the search warrant with Applicant. Trial counsel recalled he had concerns about Applicant's standing to challenge the warrant because the apartment was leased to the co-defendant. He also testified he explained to Applicant suppression of the seized items did not necessarily absolve him of the burglary charges. Plea counsel spoke to the investigators and the co-defendants' attorneys, and the co-defendants were willing to testify to Applicant's role in the crimes. Plea counsel also testified he was worried the seized items would not be excluded because they were sitting in plain view in the apartment, and he discussed the plain view exception with Applicant. Plea counsel testified he never told Applicant a suppression motion had been filed; rather, he told Applicant he would file the motion if the case were to go to trial. Plea counsel maintained he would have filed a motion to suppress if Applicant had desired a trial, but Applicant ultimately made the decision to plead guilty.

(Tr. 101-102).

The PCR court held the following with respect to this claim:

> The Court finds Applicant failed to carry his burden of proof regarding his allegation plea counsel was ineffective for failing to file a motion to suppress the evidence seized from the co-defendant's apartment. Regarding this allegation, the Court finds plea counsel's testimony to be credible, and Applicant's testimony to be not credible. Specifically, the Court finds plea counsel investigated the circumstances surrounding the search warrant and advised Applicant of the possible outcomes of a motion to suppress. Plea counsel advised Applicant there were two legal grounds for which the evidence could be admissible even if there was a defect with the warrant. Plea counsel advised Applicant either Applicant lacked standing to challenge the

search, or the evidence could be admissible under a plain view exception to the search warrant exception. The Court finds plea counsel properly advised Applicant the State would likely have been successful in claiming the evidence was seized pursuant to the plain view exception. See State v. Wright, 391 S.C. 436, 443, 706 S.E2d 324, 327 (2011) ("hence; the two elements needed to satisfy the plain view exception are: (1) the initial intrusion which afforded the authorities the plain view was lawful and (2) the incriminating nature of the evidence was immediately apparent to the seizing authorities.").

Furthermore, a knowing and voluntary guilty plea waives any non-jurisdictional defects and defenses, including challenges to the sufficiency of the evidence. . . the Court finds especially credible plea counsel's testimony that he would have certainly filed a suppression motion if Applicant had chosen to go to trial. Because Applicant chose to plead guilty, he cannot now challenge the admissibility of seized evidence.

Applicant likewise cannot show he was prejudiced by not having the evidence suppressed. Applicant's co-defendants cooperated with police and implicated Applicant in a string of break-ins. Even without the seized evidence, those witnesses' testimony could still support a first degree burglary conviction. Furthermore, Applicant was identified by a witness to one burglary (Plea Tr. 9:6-11) and was arrested fleeing the scene of another (Plea Tr. 12:4-9). In light of this overwhelming evidence, Applicant has not shown he was prejudiced by plea counsel's advice to accept the plea.

(Order of Dismissal, Tr. 103-105).

During the plea, the State summarized the facts of the case. During the summary, the State gave the names of three victim's homes that were burglarized and

18

stated how some of the stolen goods were located at the Petitioner's residence. The first victim's home was burglarized on January 7, 2010, and some of the stolen goods were in possession of Petitioner and co-defendant Ms. Kerrigan when stopped by the Florence Police Department. "There was a search warrant that led to the discovery of some of Mr. Altman's property in the home of Mr. Capers who was at that time living with Ms. Kerrigan. . . there was a great amount of stolen goods that were recovered there that day that linked them to multiple burglaries that had happened that were unsolved at the time." (Tr. 8). A second burglary occurred at a house where a neighbor did "positively identify Mr. Capers as being the one who he saw leaving the house that day. I think they came close in proximity as the car was leaving and as the neighbor was paying attention." (Tr. 9).  At a third home, the homeowner left with her daughter to go a short distance to pick up her father. When the three of them went back to the daughter's home, a gold JMC Jimmy automobile was backed up to the front door. When the homeowner entered the house, the Petitioner and a co-defendant ran out of the house into the fenced-in backyard where they jumped the fence, ran by the homeowner's daughter with guns and masked, and held the father/grandfather at gunpoint threatening to "blow his head off" if he did not get out of their way. (Tr. 11).  Petitioner stated to the court that the facts cited by the State were true and that he was in fact guilty. (Tr. 16). Petitioner further stated that his attorney had done everything

he asked him to do, he was satisfied with his attorney, he understood all of their conversations, he understood the elements of burglary first degree, he understood the potential defenses, he did not need any additional time to speak with his lawyer, no-one had promised him anything or threatened him as he was pleading guilty because he was guilty, and that he had no complaints with his attorney. (Tr. 16-19).

The PCR court found that Petitioner failed to meet the first and second prongs of Strickland. The PCR court's factual determinations regarding credibility are entitled to deference in this action. Additionally, a presumption of correctness attaches to state court factual findings. 28 U.S.C. §2244(e)(1). Evans v. Smith, 220 F.3d 306 (4th Cir. 2000). The state PCR court's findings of fact are not only entitled to the presumption of correctness, 28 U.S.C. § 2254(e)(1), but also are supported by the record.

The PCR court found no error on the part of trial counsel. It found trial counsel investigated and contemplated a suppression motion and discussed that potential with Petitioner, including two concerns trial counsel had with the potential for success. It further found that had Petitioner not pleaded guilty, trial counsel would have pursued the motion to suppress. Accordingly, Petitioner fails to show the PCR court's findings of no error and no prejudice involve an unreasonable application of Supreme Court precedent.

Additionally, a plea of guilty is considered by the court to be a solemn judicial

admission that the charges against the defendant are true.  The defendant may not later argue that his plea was invalid except in extremely limited circumstances, <u>Blackledge v. Allison</u>, 431 U.S. 63 (1977) (explaining that in a very limited number of cases the court will allow a defendant's challenge to his plea on the basis that the plea was "the product of such factors as misunderstanding, duress, or misrepresentation by others," though the allegations must be concrete and specific).  "The accuracy and truth of an accused's statements at a Rule 11 proceeding in which his guilty plea is accepted are 'conclusively' established by that proceeding unless and until he makes some reasonable allegation why this should not be so." <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4th Cir. 1975).[2] Also, after the facts were summarized by the State, the Petitioner stated that the facts were true and that he was pleading guilty because he was guilty and that his attorney had done everything he asked. Before the plea was entered, the judge stated that Petitioner "could receive a minimum mandatory 15 years, maximum life on each of these three separate and distinct offenses", that it was a non-paroleable offense, and that he was subject to the 85% rule all of which

---

[2] <u>See also</u> <u>Bemis v. United States</u>, 30 F.3d 220, 222-23 (1st Cir.1994)(observing general rule that a defendant pursuing habeas relief is "ordinarily bound by his or her representations in court" vis-a-vis a plea); <u>United States v. Butt</u>, 731 F.2d 75, 80 (1st Cir.1984)(affirming denial of habeas motion without a hearing, concluding that the movant's allegations that his attorney had mislead him concerning the judge's acceptance of the plea were "unsupported by specific facts and contradicted by the record," the habeas motion being bare of "credible, valid reasons why a departure from [his] earlier contradictory statements is ... justified," citing <u>Crawford v. United States</u>, 519 F.2d 347, 350 (4 th Cir.1975)).

Petitioner stated he understood. (Tr. 4-6). At the time of sentencing, the plea judge stated ". . . sounds like there's overwhelming evidence with regard to a lot of these offenses, co-defendants' statements, eyewitness testimony. And you, when you lay your head down on a pillow at night better be grateful for your lawyer, the fact he was able to work out these negotiations because all it would have taken would be the State to try these one at a time, and it wouldn't take but just a short period of time where you would have gotten life without parole" (Tr. 34).

Based on the above discussion, it is recommended that the Respondent's motion for summary judgment be granted with respect to Ground One.


## GROUND TWO

In Ground Two, Petitioner raises four allegations of ineffective assistance of counsel. In Ground Two (1) Petitioner argues counsel was ineffective for improperly and erroneously informing Petitioner that he would receive a life sentence if found guilty at trial. In Ground Two (2), Petitioner asserts plea counsel failed to fully inform him of all the evidence gathered during the investigation to the extent his plea was not knowingly entered. In Ground Two (3), Petitioner alleges counsel improperly and erroneously informed him that he and his co-defendants would receive the same sentence if he pleaded guilty. In Ground Two (4), Petitioner asserts counsel failed to

adequately inform him of the applicable law to the extent his guilty plea was not freely, voluntarily, and with sufficient knowledge to render it valid. Respondent argues that Grounds Two (1), (2) and (3) are  procedurally defaulted because they were not ruled upon by the PCR judge and a Rule 59(e) motion was not filed by PCR counsel. Respondent contends that Ground Two(4) is the same allegation raised in Ground Three. Therefore, Ground Two(4) will be addressed in Ground Three, <u>infra</u>. The remaining allegations raised in Ground Two are procedurally barred for the reasons addressed below.

Based on a review of the PCR court's order of dismissal, Grounds Two (1), (2), and (3) were not addressed by the court. A Rule 59(e) motion was not filed. Therefore, these issues are procedurally barred from federal habeas review. .  <u>See</u> <u>Coleman</u>, <u>supra</u>.  While Respondent applies the holding in <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012) to address whether or not Petitioner is allowed to overcome his procedural default, Petitioner argues that there is "no reason to employ the holding of <u>Martine[z]</u> <u>v. Ryan</u>, 132 S.Ct. 1309 (2012), as suggest by the Respondent"  because Petitioner was not required to file a petition for rehearing. (Response at 16). However, this court will address the applicability of <u>Martinez</u> to these issues. In <u>Martinez</u>, the Supreme Court established a "limited qualification" to the rule in <u>Coleman v. Thompson</u>, 501 U.S. 722, that any errors of PCR counsel cannot serve as a basis for cause to excuse

a petitioner's procedural default of a claim of ineffectiveness of trial counsel. Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In describing its holding in Martinez, the Supreme Court has stated that:

> We . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceedings."

Trevino v. Thaler, 133 S. Ct. 1911 (2013) (citing Martinez, 132 S. Ct. at 1318–19); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective under Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

To establish cause under Martinez, Petitioner must demonstrate (1) that his PCR counsel was ineffective under Strickland and (2) that "the underlying ineffective-assistance-of-counsel claim is a substantial one." Martinez, 132 S. Ct. at 1318.

24

Therefore, Petitioner must show that PCR counsel's failure to raise this issue at PCR or to file a Rule 59 motion was "objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. at 687 (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that her performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Petitioner has not shown that his PCR counsel was ineffective under Strickland or that the underlying ineffective assistance of trial counsel claim is substantially meritorious to overcome the default. At the PCR hearing, Petitioner agreed that the two main issues he was raising regarding plea counsel's representation was counsel's failure to file a motion to suppress evidence and counsel's failure to adequately challenge the indictments against him. (Tr. 61). Additionally, Petitioner's assertion that counsel erred in advising him that he would potentially face a life sentence if he went to trial is without merit. First degree burglary carries a maximum penalty of life

25

imprisonment and a minimum mandatory sentence of fifteen years. <u>See</u> S.C. Code Ann. 16-11-311(B) (2003).[3] Petitioner was charged with twenty-two counts of burglary in the first degree resulting in a possible sentence of twenty-two life sentences. Therefore, even if counsel did give Petitioner this advice, it was correct. At the time of the plea colloquy, Petitioner did not mention that counsel had informed him that he would receive the same sentence as his co-defendants if he pleaded guilty. In fact, Petitioner stated that no-one had promised him anything to plead guilty. (Tr. 18-19). Petitioner stated that he was entering the plea freely and voluntarily, that he was in fact guilty of the crimes, that he understood his right to a jury trial and the ramifications of waiving that right, that he understood the elements of first degree burglary, and that he was satisfied with counsel. (<u>Id</u>.). Additionally, Petitioner was facing twenty-two counsel of burglary and counsel worked out a plea bargain where the State agreed to *nolle prosse* nineteen counts of burglary in the first degree in exchange for his plea to three of the burglaries with a cap of twenty-five years imprisonment. Therefore, Petitioner has failed to show prejudice even assuming deficient performance. Accordingly, Petitioner has failed to show that his underlying ineffective assistance of counsel claim was substantial, and the procedural default

_____

[3] Burglary in the first degree is a felony punishable by life imprisonment. For purposes of this section, "life" means until death. The court, in its discretion, may sentence the defendant to a term of not less than fifteen years. <u>See</u> S.C. Code Ann § 16-11-311(B) (2003).

stands.  It is thus recommended that Respondent's motion for summary judgment be granted as to Grounds Two (1), (2), and (3).


**Ground Two(4) and Ground Three**

Petitioner argues in Ground Two (4) that counsel failed to properly and adequately inform him of the applicable law in his case to the extent his guilty plea was not made freely, voluntarily, and with sufficient knowledge to render it valid. Petitioner asserts in Ground Three that he was denied the effective assistance of counsel in that "plea counsel failed to adequately investigate petitioner's criminal history, failed to properly advise petitioner of the law applicable to petitioner's case and erroneously allowed petitioner to plead guilty to three counts of burglary first degree for which he could not be convicted of."  (Petition). Specifically, Petitioner argues that counsel was ineffective for not adequately researching the recidivist statute, S.C. Code Ann. 17-25-55 (2003), and moving to quash the indictments because he only had one prior burglary conviction. Respondent argues that Petitioner's allegation is predicated upon a misunderstanding of state law, and the PCR court's rejection of this claim was not contrary to and did not involve an unreasonable application of clearly established United States Supreme Court precedent, and the denial was not based upon objectively unreasonable findings of fact

under § 2254(d)(2).

A review of the order of dismissal reveals the PCR court concluded as follows:

> The Court finds Applicant has failed to meet his burden of proving trial counsel ineffective for failing to challenge Applicant's indictment for first degree burglary. Specifically, the Court finds section 17-25-50 is not applicable in this case. Applicant was charged with first degree burglary, which is defined as the entering of a dwelling without consent, with intent to commit a crime in the dwelling, by a person with a prior record of two or more convictions for burglary. S.C. Code Ann. 16-11-311(A)(2). Thus, "two prior burglary [. . . ] convictions are an element of first degree burglary." State v. Simmons, 352 S.C. 342, 356, 573 S.E.2d 856, 864 (Ct. App. 2002). The prior convictions are not used for sentencing purposes. In contrast, section 17-25-50 addresses situations where the State uses a prior conviction to enhance a sentence under the recidivist statute. See S.C. Code Ann. 17-25-50 ("In determining the number of offenses for the purpose of imposition of sentence, [...]." (Emphasis added)); cf. State v. Boyd, 288 S.C. 206, 209, 341 S.E.2d 144, 146 (Ct. App. 1986) (two or more counts under the Controlled Substance Act which arose out of acts committed in the course of a single incident should count as one for the purpose of sentencing." (Emphasis added)). This section only applies when the State seeks to enhance a sentence to life without parole under the recidivist statute.

> Applicant's two prior burglary convictions were not used to enhance his sentence. Rather, they were presented as an element of the crime of first degree burglary. Although first degree burglary carries a harsher penalty than lesser degrees of burglary, the sentence is greater because of the offense itself. Thus, the "closely connected offenses" provision of the recidivist statute has no application in a prosecution for first degree burglary where, as here, the

> State has not sought a sentence enhancement under the recidivist statute. Therefore, plea counsel was not ineffective for not challenging the indictment.

(Tr. 105-106).

The PCR court found that counsel was not ineffective for failing to challenge the indictment based on "closely connected" prior two convictions for burglary under §17-25-50 because that concept is not applicable to the substantive indictment, but to the sentencing enhancement under §17-25-50. The PCR court found that Petitioner's two prior convictions for burglary were not used to enhance his sentence but were used as an aggravator, to make the offenses burglary in first degree as opposed to second degree under S. C. Code Ann. §16-11-311(A)(2) and §16-11-312(A). Further, the PCR court noted that Petitioner could not show prejudice by the indictment because the State possessed evidence Petitioner was armed with a handgun while committing the burglaries so that, even if the indictments had been quashed, the State could have re-indicted for first degree burglary based on Petitioner being armed with a deadly weapon pursuant to S.C. Code Ann §16-11-311(A)(1)(a).[4] Additionally, the PCR court found that the state code section Petitioner was relying did not apply to his case. A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449

---

[4] See fn. 2 in the Order of Dismissal.

n. 1 (4th Cir. 1999).

As set forth above, this court's review is to determine whether the PCR court's decision involved an unreasonable application of federal law or an unreasonable determination of facts. Petitioner fails to meet either prong of the <u>Strickland</u> test. Thus, it is recommended that the Respondents' motion for summary judgment be granted as to Ground Two(4) and Ground Three.

## <u>CONCLUSION</u>

As set out above, a review of the record indicates that the petition should be dismissed. Therefore, it is RECOMMENDED that Respondent's motion for summary judgment (Doc. #19) be granted and the petition be dismissed without an evidentiary hearing.

Respectfully submitted,

<u>s/Thomas E. Rogers, III</u>
Thomas E. Rogers, III
United States Magistrate Judge

June <u>22</u>, 2016
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice**.