IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Donte Laquawn Capers, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 4:15-3267-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Warden Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Donte Laquawn Capers ("Capers") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In his Report and Recommendation, Magistrate Judge Rogers recommends granting Respondent's motion for summary judgment and dismissing Capers' petition without an evidentiary hearing.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Capers is currently incarcerated at the McCormick Correctional Institution, a South Carolina Department of Corrections facility. Capers pled guilty to three counts of first degree burglary in the Court of General Sessions for Florence County, South Carolina, and was

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

sentenced to three concurrent terms of twenty-five years' imprisonment.² (§ 2254 Petition 1, ECF No. 1.)  His convictions were entered on June 16, 2011.  (Id. at 1, ECF No. 1.)  Capers appealed his conviction and the South Carolina Court of Appeals dismissed his appeal on October 13, 2011.  (Id. at 2, ECF No. 1.)  The remittitur was filed on November 17, 2011.  (Return & Memorandum Ex. 5 (Remittitur), ECF No. 18-5.)  On April 11, 2012, Capers filed an application for Post-Conviction Relief ("PCR"), and amended his application on September 6, 2013.  (Id. Ex. 1 (Appendix 37, 45), ECF No. 18-1.)  A PCR hearing was held on October 8, 2013, and the PCR court dismissed Capers' PCR application on December 11, 2013.  (Id. Ex. 1 (Appendix 98), ECF No. 18-1.)  Capers appealed the dismissal of his PCR application.  (Id. Ex. 6 (Notice of Appeal), ECF No. 18-6.)  On September 9, 2014, Capers' counsel filed a Johnson petition for writ of certiorari with the South Carolina Supreme Court.  (Id. Ex. 7 (Johnson Petition), ECF No. 18-7.)  The South Carolina Supreme Court denied certiorari on January 15, 2015, and issued a remittitur on February 2, 2015.  (Id. Ex. 9 (Sup. Ct. Order), ECF No. 18-9; id. Ex. 10 (Remittitur), ECF No. 18-10.)

Capers filed the instant petition for writ of habeas corpus on August 14, 2015, alleging three claims of ineffective assistance of counsel.³  (§ 2254 Petition, generally, ECF No. 1; id. Ex. 1 (Supporting Document), ECF No. 1-1; id. Ex. 3 (Envelope), ECF No. 1-3.)  On December 8,

---

² Capers complains that the magistrate judge incorrectly identified the indictments of which he was charged.  (Objections 2, ECF No. 35.)  However, there is no dispute that Capers pled guilty to three counts of burglary in the first degree.  Therefore, regardless of the accuracy of his allegation, Capers' objection on this factual history is irrelevant and without merit.

³ See Houston v. Lack, 487 U.S. 266, 271 (1988).  The filing date for prisoners is the date of delivery to prison officials.  The postmark on the petition is August 14, 2015.

2

2015, Respondent filed a return and a motion for summary judgment. (Return & Memorandum, ECF No. 18; Def. Mot. Summ. J., ECF No. 19.) Capers' response in opposition was received on February 22, 2016. (Pl. Resp. Opp'n Def. Mot. Summ. J., ECF No. 26.) On June 22, 2016, Magistrate Judge Rogers recommended granting Respondent's motion for summary judgment and dismissing Capers' petition without an evidentiary hearing. (Report & Recommendation, generally, ECF No. 28.) Capers timely filed objections on July 25, 2016.[4] (Objections Ex. 2 (Envelope), ECF No. 35-2.) This matter is now ripe for consideration.

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-

---

[4] Houston v. Lack, 487 U.S. 266 (1988).

moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987).

### B.  Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Capers has "the burden of rebutting the presumption of correctness by clear and convincing evidence." § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at

4

410).  "Thus, to grant [Capers'] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C.  Objections

Capers filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  Upon review, the court finds that many of Capers' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean several specific objections.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Capers must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, Capers must demonstrate a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Under his first ground of ineffective assistance of counsel, Capers alleges his plea counsel failed to file a motion to suppress certain evidence. (§ 2254 Petition Ex. 1 (Supporting Document), ECF No. 1-1.) Capers specifically objects that the evidence would have been inadmissable and that "[t]his is a material fact in dispute in this matter, therefore, the Respondent would not be entitled to summary judgment on this issue." (Objections 4, ECF No. 35.) However, as the magistrate judge noted, the PCR court found no error on the part of the trial counsel, because Capers' counsel would have pursued the motion to suppress had Capers not voluntarily chosen to plead guilty. (Report & Recommendation 20, ECF No. 28; Return & Memorandum Ex. 1 (Appendix 82-83, 103-105), ECF No. 18-1.) The court finds that the failure to file a motion to suppress does not constitute ineffective assistance of counsel. See, e.g., Hunter v. Mauney, No. 0:06-1765-HMH-BM, 2007 WL 528060, at *3-4 (D.S.C. Feb. 14, 2007) (unpublished). Based on the foregoing, Capers' objection under ground one is without merit.

Under his second ground of ineffective assistance of counsel, Capers claims his plea counsel (1) improperly informed him that if he were found guilty, he would receive a life sentence, (2) failed to fully inform him of all the evidence, which constituted his plea not being "knowingly entered into," and (3) improperly informed him that he and his co-defendants would receive the same sentence if he pled guilty.[5] (§ 2254 Petition Ex. 1 (Supporting Document), ECF No. 1-1.) The magistrate judge found these claims were procedurally barred, because they were

---

[5] There is a fourth claim of ineffective assistance of counsel under this second ground, but the magistrate judge considered it duplicative of Capers' third ground for relief. (Report & Recommendation 22-23, ECF No. 28.) Capers does not object to this categorization. (Objections, generally, ECF No. 35.) Therefore, the court will treat the fourth claim as duplicative.

not ruled upon by the PCR judge and a Rule 59(e) motion was not filed.  (Report & Recommendation 22-27, ECF No. 28.)  Capers objects that these claims should not be procedurally barred, because his "counsel was ineffective in failing to file a Rule 59(e) motion to ensure that any issue not addressed by the PCR court were properly addressed."  (Objections 5, ECF No. 35.)  Capers implicitly argues that sufficient cause and prejudice exist such that the court should find the underlying claims are not procedurally barred.  However, this conclusory allegation is not sufficient.  As the magistrate judge noted, Capers has not shown his counsel was ineffective under Strickland v. Washington, 443 U.S. 668 (1984), and that the underlying ineffective assistance of counsel claims are substantially meritorious to overcome the procedural default.  See Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012) (establishing the requirements to satisfy the "limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722 (1991)).  Likewise, Capers fails to satisfy his burden with his conclusory allegation in his objections.

In a separate objection under ground two, Capers claims (1) that his plea was not knowingly and voluntarily entered, (2) that his plea was coerced and forced, and (3) that his counsel and the court failed to inform him of his right to a jury trial and his right to remain silent. (Objections 5, ECF No. 35.)  Capers' claims directly contradict his plea colloquy.  The plea hearing transcript establishes the following:  (1) that the court informed Capers of his right to a jury trial and that he was not required to take the witness stand; (2) that Capers understood his constitutional rights; (3) that Capers admitted his guilt and that it was his decision to plead guilty; and (4) that Capers understood all conversations with his counsel, had no complaints with his counsel, and needed no additional time to confer with his counsel.  (Return & Memorandum Ex. 1 (Appendix 15-19), ECF No. 18-1.)  "[I]n the absence of extraordinary circumstances, the

truth of sworn statements made during a [plea] colloquy is conclusively established, and a district court should . . . dismiss any [habeas petition] that necessarily relies on allegations that contradict the sworn statements." Bradshaw v. McCall, No. 0:12-CV-03624-DCN, 2014 WL 463142, at *5 n.1 (D.S.C. Feb. 4, 2014) (unpublished) (quoting United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (§ 2255 context)).

Further, "in order to be valid, a plea of guilty must be knowingly and voluntarily made." Sargent v. Waters, 71 F.3d 158, 161 n.2 (4th Cir. 1995). "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal quotation marks and citation omitted). "To attack the plea [based on the ineffective assistance of counsel], [Capers] must show that the advice he received was not within the range of competence demanded of attorneys in criminal cases." Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 173 (4th Cir. 1981) (internal quotation marks omitted). Capers has not shown extraordinary circumstances or that the advice he received was not within the range of competence demanded of his counsel. Therefore, the court finds that Capers' guilty plea was knowing and voluntary. Based on the foregoing, Capers' objections under ground two are without merit.

Under his third ground of ineffective assistance of counsel, Capers claims that his plea counsel (1) failed to adequately investigate his criminal history, (2) failed to advise him of the law applicable to his case, (3) erroneously allowed him to plead guilty, and (4) failed to move to quash the indictments pursuant to S.C. Code § 17-25-50, because he only had one prior burglary conviction. (§ 2254 Petition Ex. 1 (Supporting Document), ECF No. 1-1.) The magistrate judge

found that Capers' "two prior convictions for burglary were not used to enhance his sentence but were used as an aggravator, to make the offenses burglary in first degree as opposed to second degree."  (Report & Recommendation 29, ECF No. 28.)  Capers objects, arguing that a prior conviction should not be treated "as an element of the offense," pursuant to Almendarez-Torres v. United States, 523 U.S. 224 (1998), and "that recidivism is not an element of the triggering crime," pursuant to Appleby v. Warden, N. Reg'l Jail & Corr. Facility, 595 F.3d 532 (4th Cir. 2010).  (Objections 6, ECF No. 35.)  None of the case law Capers cites is applicable in this case.  Almendarez-Torres concerns a congressional statute making it a crime for deported aliens to return to the United States, holding that there was not sufficient support for the petitioner's claim that recidivism should be an element of the offense.  Almendarez-Torres v. United States, 523 U.S. at 239.  Appleby concerns a sentencing enhancement based on recidivist conduct.  Appleby, 595 F.3d at 533-35.  Further, as the PCR court and the magistrate judge noted, S.C. Code § 17-25-50 only addresses situations where the state uses a prior conviction to enhance a sentence under a recidivist statute.  (Return & Memorandum Ex. 1 (Appendix 105), ECF No. 18-1; Report & Recommendation 28, ECF No. 28.)  However, in Capers' case, his two prior convictions for burglary did not enhance his sentence under a recidivist statute.  Instead, his prior convictions were used to change his offense conduct from burglary in the second degree to burglary in the first degree.

Additionally, in construing Capers' objections liberally, the court finds that Capers submitted further specific objections with respect to ground three:  (1) that his counsel was ineffective for failing to investigate, (2) that his counsel was ineffective for failing to quash the indictments, and (3) that his plea was coerced and forced.  First, to the extent Capers is claiming

his counsel's failure to investigate establishes ineffective assistance of counsel for any reason other than the applicability of S.C. Code § 17-25-50 previously discussed, (Objections 6, ECF No. 35), this claim also fails. "[I]f the ineffectiveness alleged was a failure to investigate thoroughly, which in turn caused the defendant to plead guilty, the defendant must show a likelihood that some evidence would have been discovered which would have caused the attorney to change his recommendation to enter into a plea agreement." United States v. Kauffman, 109 F.3d 186, 191 (3d Cir. 1997). Capers has not shown sufficient evidence on this objection. Second, Capers objects that his counsel's failure to quash the indictments pursuant to S.C. Code § 17-19-90 was highly prejudicial in that the indictments unconstitutionally contained his prior criminal record. (Objections 7, ECF No. 35.) However, Capers pled guilty, and the court finds that the failure to file a motion to quash does not constitute ineffective assistance of counsel. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (stating that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); United States v. Quarles, No. 05-4926, 2006 WL 2355965, at *1 (4th Cir. Aug. 15, 2006) (unpublished) ("A guilty plea effects a waiver of all non-jurisdictional defects in the indictment."). Lastly, to the extent Capers reasserts his previous objection that his guilty plea was coerced and forced under this third ground, (Id., ECF No. 35), the court incorporates and reasserts its finding and holding as set forth above regarding his guilty plea being knowing and voluntary. Based on the foregoing, Capers' objections under ground three are without merit.

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Respondent's motion for summary judgment, docket number 19, is granted and that Capers' § 2254 petition, docket number 1, is dismissed without an evidentiary hearing. It is further

**ORDERED** that a certificate of appealability is denied because Capers has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 11, 2016

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.